# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

NATHANIEL WARD-EL,

    Petitioner,

v.                                                                                 Case No. 12-14282

JOE BARRETT,

    Respondent.

_____/

## OPINION AND ORDER SUMMARILY DISMISSING HABEAS PETITION AND DENYING CERTIFICATE OF APPEALABILITY

Petitioner Nathaniel Ward-El has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is incarcerated at the Cooper Street Correctional Facility in Jackson, Michigan. He challenges his conviction for being a prisoner in possession of a weapon and a fourth habitual offender on the grounds that the trial court failed to consider mitigating evidence when imposing the sentence, the sentence is disproportionate, and the trial court lacked jurisdiction. It is apparent from the face of the petition that none of the claims raised warrant habeas relief. Therefore, the court summarily dismisses the petition.

### I.  BACKGROUND

Petitioner pleaded no contest in Muskegon County Circuit Court to being a prisoner in possession of a weapon and a fourth habitual offender. On December 1, 2008, he was sentenced to two to thirty years in prison.

Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals. The court of appeals denied the application "for lack of merit in the grounds

presented." *People v. Ward*, No. 295008 (Mich. Ct. App. Mar. 12, 2010).  Petitioner did not seek leave to appeal to the Michigan Supreme Court.

Petitioner filed a motion for relief from judgment in the trial court.  The trial court denied the motion.  The Michigan Court of Appeals and Michigan Supreme Court denied Petitioner's application for leave to appeal the trial court's denial of his motion for relief from judgment.  *People v. Ward*, No. 309063 (Mich. Ct. App. July 13, 2012); *People v. Ward*, 820 N.W.2d 165 (Mich. 2012).

Petitioner then filed the pending petition for a writ of habeas corpus, raising three claims: (1) the trial court failed to consider mitigating evidence at sentencing; (2) the sentence is disproportionate; and (3) the trial court lacked jurisdiction because he is Moorish American.

## II.  STANDARD

Upon the filing of a habeas corpus petition, the court must promptly examine the petition to determine "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief."  Rule 4, Rules Governing Section 2254 Cases.  If the court determines that the petitioner is not entitled to relief, the court shall summarily dismiss the petition.  *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face.").  The habeas petition does not present grounds which may establish the violation of a federal constitutional right; therefore, the petition will be dismissed.

Petitioner's claims are reviewed against the standards established by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA").  The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

> The Supreme Court has held:
>
> A state court's decision is "contrary to" . . . clearly established law if it "applies a rule that contradicts the governing law set forth in [Supreme Court cases]" or if it "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent."

*Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)).  "[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case."  *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413).  However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous.  The state court's application must have been 'objectively unreasonable.'"  *Wiggins*, 539 U.S. at 520-21

3

(citations omitted); *see also Williams*, 529 U.S. at 409. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, __ U.S. __, 131 S. Ct. 770, 789 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

> Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

*Id.* at 786-87 (internal quotation omitted).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams,* 529 U.S. at 412. Section 2254(d) "does not require citation of [Supreme Court] cases—indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). "[W]hile the principles of 'clearly established law' are to be determined solely by resort to Supreme Court rulings, the decisions of lower federal courts may be instructive in assessing the reasonableness of a state court's resolution of an issue." *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003)); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002).

Lastly, a federal habeas court must presume the correctness of state court factual determinations. *See* 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

### III. DISCUSSION

Petitioner raises three claims for habeas corpus relief: (1) that the trial court erred in failing to consider mitigating evidence when sentencing him; (2) that his sentence is disproportionate; and (3) that the trial court lacked jurisdiction over him because he is a Moorish National.

Generally, a non-capital sentence that falls within statutory limits is not grounds for habeas relief. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *see also Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999). The Supreme Court "has refused to extend the doctrine of individualized sentencing to noncapital cases." *Hastings v. Yukins*, 194 F. Supp. 2d 659, 673 (E.D. Mich. 2002) (citing *Harmelin v. Michigan*, 501 U.S. 957, 995-96 (1991)). The Constitution does not require a sentencing court to consider mitigating circumstances in non-capital cases. *U.S. v. Levy*, 904 F.2d 1026, 1035 (6th Cir. 1990); *accord Engle v. United States,* 26 F. App'x 394, 397 (6th Cir. 2001) (citing *Harmelin*, 501 U.S. at 994) ("The Eighth Amendment does not require consideration of mitigating factors at sentencing in non-capital cases.").

Petitioner also is not entitled to relief on his claim that his sentence violates the Eighth Amendment because it is disproportionate to the offense. The Supreme Court has held that "the Eighth Amendment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences that are 'grossly

5

disproportionate' to the crime." *Harmelin*, 501 U.S. at 1001 (1991) (quoting *Solem v. Helm*, 463 U.S. 277, 288 (1983)). Courts reviewing Eighth Amendment proportionality must remain highly deferential to the legislatures in determining the appropriate punishments for crimes. *United States v. Layne*, 324 F.3d 464, 473-74 (6th Cir. 2003) (citing *Harmelin*, 501 U.S. at 999). "In implementing this 'narrow proportionality principle,' the Sixth Circuit has recognized that 'only an extreme disparity between crime and sentence offends the Eighth Amendment.'" *Cowherd v. Million*, 260 F. App'x 781, 785 (6th Cir. 2008) (quoting *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000)). As long as the sentence remains within the statutory limits, trial courts have historically been given wide discretion in determining "the type and extent of punishment for convicted defendants." *Williams v. New York*, 337 U.S. 241, 245 (1949).

Petitioner's sentence is not grossly disproportionate to the crime committed. The sentence falls within the statutory maximum; therefore, this court defers to the decision of the state court. *See Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000) ("A sentence within the statutory maximum . . . generally does not constitute cruel and unusual punishment.") (quotation omitted). In addition, to the extent that Petitioner argues that his sentence violates Michigan law, this claim is not cognizable on habeas review because habeas review is limited to alleged violations of the Constitution, laws, and treaties of the United States. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991).

Finally, Petitioner claims that the state court lacked jurisdiction to adjudicate his trial. Petitioner asserts that he is a Moorish National-Natural American and, consequently, is not subject to the laws of the United States. All citizens of the United States are subject to American laws. *United States v. James,* 328 F.3d 953, 954 (7th

Cir. 2003) ("Laws of the United States apply to all persons within its borders."); *see also Osiris v. Brown*, No. 05-3300, 2006 WL 208566, *1 (D. N.J. Jan. 24, 2006). In addition, even if Petitioner "is a Moorish citizen and an alien under United States law, he has a duty to conform to the laws of the United States while residing here." *Id.* An individual's identity as a Moorish-American does not deprive the State of jurisdiction over him. *See Wright-El v. Jackson*, No. 2:12-cv-6-RJC, 2012 WL 3614452, at *2 (W.D. N.C. Aug. 21, 2012) (rejecting as frivolous claim that state court lacked jurisdiction to convict habeas petitioner because he is a Moorish National); *Allah El v. Dist. Attorney for Bronx Cnty.*, No. 09-8746, 2009 WL 3756331, at *1 (S.D. N.Y. Nov. 4, 2009) ("Petitioner's purported status as a Moorish–American citizen does not enable him to violate state and federal laws without consequence"); *U.S. v. Roberson*, No. 05-1958, 2006 WL 3077144, *2 (7th Cir. Oct. 30, 2006). This claim, therefore, is meritless.

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability ("COA") is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Cases requires that a court "issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, the court concludes that reasonable jurists would not debate the conclusion that the petition does not state a claim upon which habeas relief may be granted. Therefore, the court denies a certificate of appealability.

### IV.  CONCLUSION

It plainly appears from the face of the petition that Petitioner is not entitled to habeas relief from this court. The petition, therefore, is subject to summary dismissal. *See* Rule 4, Rules Governing Section 2254 Cases.

Accordingly, IT IS ORDERED that the petition for writ of habeas corpus [Dkt. # 1] is DENIED.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

        s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  November 27, 2012


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 27, 2012, by electronic and/or ordinary mail.

        s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522